SAM HARRIS, Respondent, *v.* MITCHELL M. FRIEDMAN and Others, Copartners, Doing Business under the Firm Name and Style of FRIEDMAN & Co., Appellants.

First Department, December 28, 1922.

**Principal and agent — action to recover commissions on sale of corporate stock — complaint based on theory of actual sales by agent — recovery cannot be had on theory that agent was entitled to commissions on sales made to agent's customer by manager.**

An agent cannot recover commissions on the sale of corporate stock on the theory that he was entitled to commissions on sales made to his customer by the manager of the principal, where the complaint is based on the theory that the sales were actually made by the agent himself.

APPEAL by the defendants, Mitchell M. Friedman and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of March, 1922, upon the verdict of a jury, and also from an order thereafter entered in said clerk's office denying defendants' motion for a new trial made upon the minutes.

*Walter E. Godfrey* [*I. Maurice Wormser*, of counsel], for the appellants.

*Tanzer & Lane* [*Charles J. Lane* of counsel; *Laurence Arnold Tanzer* with him on the brief], for the respondent.

DOWLING, J.:

This action was brought to recover the sum of $4,170, the amount of the commissions claimed to be due to plaintiff, a stock salesman for defendants, under a contract of employment whereby he was to receive for his services a salary of $15 per week, and " a commission or bonus upon the number of shares of preferred or common stock sold by plaintiff, in behalf of the defendants, at the following rates, to wit:

" A commission of fifty ($50.00) dollars upon the first thousand shares of preferred stock sold by the plaintiff at five ($5) dollars per share, provided the same were sold within any one month, beginning from the first of the month to the end of such month; in addition thereto, for every additional share of stock over and above one thousand shares of preferred stock sold within the said month at five ($5) dollars per share, the plaintiff was to receive ten cents (10¢) per share on each share of preferred stock sold by him. Shares of preferred stock sold by plaintiff at five and 50/100 ($5.50) dollars per share were to be doubled in the computation

of the number of shares of stock sold by plaintiff at that rate upon the basis of which the plaintiff's commission was to be determined. Shares of preferred stock sold by plaintiff at Six ($6) dollars per share, were to be tripled in computation of the number of shares of stock sold by plaintiff at that rate, upon the basis of which the plaintiff's commission was to be determined; and a commission of fifty cents (50¢) for each and every share of common stock sold by plaintiff at any time during his employment by the defendants."

It is further alleged that pursuant to the agreement, and in compliance therewith, plaintiff in the month of January, 1919, " made sales " of preferred stock of the Dayton Coal and Iron Railway Company, in behalf of defendants, the commission upon which amounted to about $4,170, no part of which has been paid.

Pursuant to a demand made by defendants, plaintiff served a bill of particulars which contained the following item, among others:

" VII. Sales by the plaintiff were as follows:

| Date | Name | Price | Shares | Credit |
|---|---|---|---|---|
| Jan. 2, 1919, | Mrs. Jane R. Forney. | $5.00 | 50 | 50 |
| " 6, " | " " " | 5.50 | 50 | 100 |
| " 6, " | Dr. Van Baun....... | 6.00 | 1,000 | 3,000 |
| " 8, " | Norman Caster...... | 5.00 | 480 | 480 |
| " 13, " | Dr. Van Baun....... | 6.00 | 1,000 | 3,000 |
| " 16, " | " " " ....... | 6.00 | 7,000 | 21,000 |
| " 20, " | S. Hoffman.......... | 5.00 | 1,000 | 400 |
| " 21, " | Dr. Van Baun....... | 6.00 | 5,000 | 15,000 |
| " 30, " | Mrs. Jane R. Forney. | 5.00 | 100 | 100 |
| " 31, " | S. Hoffman.......... | 5.00 | 1,000 | 400 |

Total shares................................  43,530

$50 per 1,000 shares.........  1,000

4,253                                       42,530

$4,303
Drew......          200

Balance due.....    $4,103 "

Upon the trial it appeared that plaintiff had not sold any of the stock to Dr. Van Baun in January, 1919; that this stock had been so sold by one Shulman, the manager of defendants' Phila-

delphia office, who had charge of hiring and discharging the salesmen therein, and who had hired plaintiff.

Plaintiff had made sales personally to Dr. Van Baun in December, 1918; for these he was paid. He was asked: "Q. Did you sell all the stock to Dr. Van Baun? A. No, sir. Q. Who else sold stock beside you to Dr. Van Baun? A. Mr. Shulman."

And again: "Q. Who talked to Dr. Van Baun and sold him this stock in January, 1919, didn't you? A. Mr. Shulman. Q. So the only stock that you sold to Dr. Van Baun was the stock — personally — was the stock that you sold him in December, 1918, is that right? A. Yes. Q. You told us a few moments ago that you were paid commissions on all the stock you sold to Dr. Van Baun during December, 1918, is that right? A. Yes. Q. So that Shulman sold the stock in January, 1919? A. Also part in 1918. Q. You did not sell him at all? A. No, sir."

By the Court: "Q. Why did you claim commissions if you did not sell the stock? A. Because the conditions that we were under, if we opened an account and the manager, which was considered a better salesman, wanted to take over that account and sell for us, why he would do it, and we would be credited with the commission. Mr. Godfrey: That is not pleaded in the complaint. The Court: It is not necessary, that is a mere detail of the transaction. Mr. Godfrey: Exception."

Thus it appears that the theory upon which plaintiff recovered at the trial was an entirely different one from that which he had pleaded in his complaint. He sued to recover upon a contract of employment by which he was to receive commissions upon sales made by himself. He recovered commissions upon sales concededly not made by himself, but which he claimed upon the trial he was entitled to receive under a custom of the defendants' Philadelphia office, by which, if a salesman opened an account with a customer, the manager if he wished could take over the account and sell more stock to the customer, and the salesman would still receive his commission.

Nor is it claimed that the manager was acting simply as the agent of the salesman in making such sales, for it appears by the evidence of Shulman, the manager, that he also is suing defendants for commissions on these very sales to Dr. Van Baun.

In other words, plaintiff sued upon an express contract by which he was to receive commissions upon sales of stock actually made by him; he has been allowed to recover upon an alleged custom by which he was to receive commissions upon all sales made by the manager of his office to any customer to whom the salesman had first sold stock.

This variance between the pleading and proof was duly objected to at every proper time, and the necessary exceptions were taken and the appropriate motions made so that the attention of the court was duly directed thereto, and its failure to act constitutes reversible error.

This conclusion renders it unnecessary to discuss the error committed by the court in refusing to allow the defendants an opportunity to apply at Special Term for an order permitting them to amend their answer so as to show that the sales of stock in question to Dr. Van Baun had been canceled because of misrepresentations made by plaintiff.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to appellants to abide the event.

CLARKE, P. J., MERRELL, GREENBAUM and FINCH, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellants to abide the event.